**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

DEC 2 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Michael Sanchez, P.H. King, <br> Gilberto Medellin, Hector Quintanilla, <br> Luz Bonilla, on behalf of themselves <br> and all others similarly situated, <br><br>     Plaintiffs, <br><br>     v. <br><br> ALLSTATE CORPORATION, <br> ALLSTATE INSURANCE COMPANY, <br> ALLSTATE TEXAS LLOYD'S, <br> ALLSTATE FIRE AND CASUALTY <br> INSURANCE COMPANY, ALLSTATE <br> PROPERTY AND CASUALTY INSURANCE <br> COMPANY, ALLSTATE COUNTY MUTUAL <br> INSURANCE COMPANY, ALLSTATE <br> INDEMNITY COMPANY, JOHN LESLEY, <br> agent, JAIME PENA, agent, and <br> JOHN TERRY, agent <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> NO. **B-02-235** |

## NOTICE OF REMOVAL

Defendants Allstate Corporation, Allstate Insurance Company, Allstate Texas Lloyd's,

Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance

Company, Allstate County Mutual Insurance Company, Allstate Indemnity Company, John

Lesley, Jaime Pena, and John Terry, by their undersigned attorneys Sonnenschein Nath &

Rosenthal, hereby remove to this Court the State Court Action described below:

1.   On November 6, 2002, five individuals commenced a class action lawsuit against

seven Allstate insurance companies and three insurance agents. The action was filed in the

District Court of Cameron County, Texas, entitled Michael Sanchez, P.H. King, Gilberto

Medellin, Hector Quintanilla, Luz Bonilla, on behalf of themselves and others similarly situated

vs. Allstate Corporation, Allstate Insurance Company, Allstate Texas Lloyd's, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Allstate County Mutual Insurance Company, Allstate Indemnity Company, John Lesley, agent, Jaime Pena, agent, and John Terry, agent, Cause No. 2002-11-4446-A. A copy of the Complaint is attached hereto as Exhibit A.

2.    The Complaint alleges that the Allstate defendants and the Agent defendants use credit reports to determine the creditworthiness of insureds and applicants for insurance. Plainitffs contends that defendants use such credit reports to "quote and charge higher premiums for applicants and insureds or place such applicants and insureds with affiliates with a higher risk." Complaint at p.4. Plaintiffs further allege that defendants failed to disclose to applicants, including named plaintiffs Michael Sanchez and Hector Quintanilla, and insureds, including named plaintiffs P.H. King, Gilberto Medellin and Luz Bonilla, their use of such credit reports. Based on these allegations, plaintiffs attempt to state claims for breach of contract, breach of the duty of good faith and fair dealing, breach of Article 21.21 of the Texas Insurance Code, and for violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). In addition, plaintiffs seek injunctive relief requiring the Allstate defendants and the Agent defendants to provide notification to all Allstate policyholders in the state of Texas and all persons who apply for Allstate insurance in the state of Texas regarding Allstate's alleged use of credit reports as a significant factor in determining eligibility, renewal, and premium for its insurance policies.

3.    'This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b). There is complete diversity as to all properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      Defendants have attached all of the state court process, pleadings, and orders served upon them pursuant to 28 U.S.C. § 1446(a).  This Notice of Removal is filed within thirty days after receipt by all defendants of a copy of the Complaint, in compliance with 28 U.S.C. § 1446(b).

## Complete Diversity Exists As
## To All Properly Joined Parties

5.      The plaintiffs, Michael Sanchez, P.H. King, Gilberto Medellin, Hector Quintanilla, and Luz Bonilla are citizens of the State of Texas.  (Complaint at p.2).

6.      Defendant Allstate Corporation is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1).

7.      Defendant Allstate Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1).

8.      Defendant Allstate Texas Lloyd's is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1).

9.      Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1).

10.     Defendant Allstate Property and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1).

11.    Defendant Allstate Indemnity Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes. 28 U.S.C. § 1332(c)(1).

### The Agent Defendants Were Fraudulently Joined

12.    Defendants Lesley, Pena and Terry are citizens of the State of Texas. (Complaint at p. 4). They are agents of Allstate who acted within the scope of their authority at all materially relevant times. (Id.). The citizenship of Lesley, Pena and Terry does not defeat this Court's subject matter jurisdiction, since their joinder as defendants was fraudulent. Griggs v. State Farm Lloyd's, 181 F.3d 694 (5th Cir. 1999) (affirming district court's finding that agent was fraudulently joined in action against insurer); Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256 (5th Cir. 1995) (same); Mask v. Chrysler Corp., 825 F. Supp. 285, 288 (N.D.Ala. 1993), aff'd without opinion, 29 F.3d 641 (11th Cir. 1994) ("[A] defendant fraudulently joined is to be disregarded in determining the existence of diversity.")

13.    To determine whether a defendant has been fraudulently joined, "the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). Courts analyze a claim of fraudulent joinder in the same manner as a motion for summary judgment. Griggs, 181 F.3d at 700 ("Our Court has endorsed a summary judgment-like procedure for reviewing fraudulent joinder claims."); Cavillini, 44 F.3d at 263 (courts may consider "summary judgment-type evidence such as affidavits and deposition testimony" when reviewing a fraudulent joinder claim));

14.    Based on the allegations of the Complaint, there is no reasonable possibility of plaintiffs obtaining any relief against Lesley, Pena and Terry in a Texas court. See Mask, 825 F.

Supp. at 288 (determination of fraudulent joinder is based upon the plaintiff's complaint at the time of removal).

**Plaintiffs Cannot Recover Against**
**Lesley, Pena and Terry on Any of the Claims Raised**

15.    According to the Complaint, "Defendants Allstate and Defendants Agents utilize credit reports of individuals as a significant factor in determining the individual's eligibility, renewal, and premiums for its insurance policies." (Complaint at p. 4). The Complaint further alleges that defendants Allstate and defendants Agents , in violation of their duty to act with good faith and fair dealing, failed to disclose to policyholders their use of such credit reports. Id. Based on these allegations, plaintiffs assert claims against the Agent defendants Lesley, Pena and Terry (as well as the Allstate defendants) for breach of contract, breach of the duty of good faith and fair dealing, breach of Article 21.21 of the Texas Insurance Code, and for violations of the DTPA.  Plaintiffs' allegations, however, will not support any of these claims against Lesley, Pena and Terry in their personal capacity.

16.    Plaintiffs cannot state claims for breach of contract or breach of the duty of good faith and fair dealing against Lesley, Pena and Terry.  "It is well settled under Texas law that an insurance agent cannot be held liable for breach of contract or breach of duty of good faith and fair dealing absent a contract giving rise to a 'special relationship' with the insured." Griggs, 181 F.3d at 700.  In Griggs, the Fifth Circuit affirmed the district court's finding that there was no basis for the plaintiff insured's breach of contract and breach of good faith and fair dealing claims against the insurance agent, where the insured failed to allege that the agent "was a party to any implied or express contract." Id.  Likewise here, plaintiffs have not and cannot allege that agents Lesley, Pena and Terry were parties to plaintiffs' insurance contracts with any of the Allstate defendants, nor have plaintiffs alleged any facts giving rise to the "special relationship

- 5 -

required to impose a duty of good faith and fair dealing." See id. at 701; see also Natividad v. Alexsis, Inc., 875 S.W.2d 695, 696 (Tex. 1994) ("An insurance carrier, **not its agents** ..., is liable to the insured for actions by the agents ... that breach the duty of good faith and fair dealing owed by the carrier to the insured.") (emphasis added). Thus, as a matter of law, plaintiffs' breach of contract and breach of good faith and fair dealing claims are wholly without merit.

17.    Similar deficiencies also defeat plaintiffs' effort to state claims against the Agent defendants under Article 21.21 of the Texas Insurance Code, and the DTPA. Both claims require plaintiffs to allege (1) specific misrepresentations made by the agents to the plaintiffs; and (2) that the misrepresentations are causally connected to the damages sustained. Griggs, 181 F.3d at 702. Even a cursory review of plaintiffs' Complaint reveals that they have failed to meet their burden. The Complaint is wholly devoid of any actionable misrepresentations made by the agents; let alone any allegations that link the alleged misrepresentations to plaintiffs' damages.

18.    In light of the above analysis, plaintiffs have not alleged even a colorable claim that would allow them to recover against Lesley, Pena and Terry. It is apparent from the Complaint that they were joined solely to defeat diversity. Such joinder is fraudulent.

### Allstate County Mutual Insurance Company Was Fraudulently Joined

19.    Defendant Allstate County Mutual Insurance Company ("Allstate County Mutual") is a Texas corporation and a citizen of the State of Texas for diversity purposes. The citizenship of Allstate County Mutual, however, does not defeat this Court's subject matter jurisdiction, because Allstate County Mutual has been improperly or fraudulently misjoined in an effort to defeat diversity jurisdiction. See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 817 (5th

Cir. 1993) ("[T]he Louisiana corporations were improperly joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction.").

20.    As summarized above, plaintiffs allege that the Allstate defendants wrongfully use credit reports in determining eligibility, renewal and premiums for its insurance policies.

21.    Plaintiffs King, Medellin and Bonilla contend that their premiums were increased as a result of Allstate's use of credit reports. (Complaint at p.5). At all relevant times to this action, King was insured under a homeowners insurance policy with Allstate Texas Lloyd's. (See Affidavit of Linda Sisson ("Sisson Aff.") ¶ 5, attached hereto as Exhibit B, and P.H. King's policy documents attached thereto as Exhibit 1). At all relevant times to this action, Medellin was insured under a homeowners insurance policy with Allstate Texas Lloyd's, and an automobile indemnity insurance policy with Allstate Property and Casualty Insurance Company. (See Sisson Aff. ¶ 6, and Medellin's policy documents attached thereto as Exhibits 2 and 3). At all relevant times to this action, Bonilla was insured under two automobile indemnity insurance policies with Allstate Property and Casualty Insurance Company. (See Sisson Aff. ¶ 7, and Bonilla's policy documents attached thereto as Exhibit 4).

22.    Plaintiffs Sanchez and Quintanilla contend that they were denied insurance as a result of Allstate's use of their credit reports. (Complaint at p.5). Quintanilla applied for a homeowners policy of insurance with Allstate Texas Lloyd's. (See Affidavit of Randy Sparks ("Sparks Aff.") ¶ 5, attached hereto as Exhibit C). With regards to Sanchez, there is nothing on the face of the Complaint which indicates which Allstate entity he sought insurance from, nor is there any way for Allstate to determine which Allstate entity, if any, Sanchez dealt with. See id. at ¶ 6.

23.    Even if Sanchez applied for insurance with Allstate County Mutual (the only non-diverse Allstate entity), there would still be jurisdiction in this case, because Sanchez's claims against Allstate County Mutual would be fraudulently misjoined with the claims by the other named plaintiffs against the other defendants. The Complaint does not allege that there was any collusion or joint conduct among the Allstate defendant insurance companies. Indeed, the Complaint does not attempt to state a claim for conspiracy, nor does the Complaint provide any facts or allegations to form a basis for any type of joint liability.

24.    Each plaintiff contracted with or applied for insurance with only one insurance company. Plaintiffs do not claim any injury from insurance companies with which they had no contact. Under similar circumstances where a Complaint merely alleged parallel claims against separate diverse and nondiverse defendants, the Eleventh Circuit held that the plaintiffs had fraudulently misjoined the nondiverse defendants. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359-60 (11th Cir. 1996); see also Turpeau v. Fidelity Fin. Servs., Inc., 936 F. Supp. 975 (N.D.Ga. 1996).

25.    In Tapscott, diverse and nondiverse defendants who sold service contracts that allegedly violated state law were joined in the same suit. 77 F.3d at 1355. As in the present Complaint, "particular plaintiffs [were] matched with particular defendants against whom they allege[d] individual claims." Id. at 1359. One of the diverse defendants removed the complaint to federal court alleging that the nondiverse defendants were improperly or fraudulently joined solely to defeat diversity jurisdiction. Id. at 1355, 1359-60. Although the plaintiffs and the defendants in Tapscott represented putative classes, the class allegations played no part in the pertinent portion of the court's holding. Rather, the court focused on the fact that the two

- 8 -

representative defendants were joined solely because they were alleged to have violated the same statute:

> The [district] court rejected [the plaintiffs'] argument that "a mere allegation of common business practice subjects all defendants to joinder." ... The district court correctly found no allegation of joint liability or any allegation of conspiracy. Further, the alleged transactions involved ... are wholly distinct .... .The only similarity between the allegations [against the defendants] are allegations of violations of Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20. Such commonality on its face is insufficient for joinder. Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."

Id. at 1360 (citations omitted). Since the defendants in Tapscott had been improperly or fraudulently misjoined under Federal Rule of Civil Procedure 20, the court severed the claims against each defendant, and remanded only the nondiverse claims. Id.; see also Turpeau, 936 F. Supp. at 978 ("In the instant case, each credit transaction at issue was made by different Plaintiffs with different Defendants. The court, therefore, is persuaded that the transactions are not sufficiently related so as to permit joinder under Rule 20(a).").

27.     Like the defendants in Tapscott, and Turpeau, Allstate County Mutual has been misjoined with the diverse Allstate entities in a flagrant attempt to defeat diversity jurisdiction. Accordingly, this Court should sever the claims against the diverse Allstate entities and remand only the claims against Allstate County Mutual.

### The Amount in Controversy
### Exceeds $75,000 As To Each Plaintiff.

28.     Where a defendant removes a case to federal court under diversity jurisdiction, and "the complaint does not allege a specific amount of damages," the defendant must establish

that the jurisdictional amount is satisfied by a preponderance of the evidence.  See St Paul
Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).  Calculation of the
amount in controversy includes the value of injunctive or declaratory relief, which is measured
by the "value of the object of the litigation."  Hunt v. Washington State Apple Adver. Comm'n,
432 U.S. 333, 347 (1977); Greenburg, 134 F.3d at 1252-43 ("The amount in controversy, in an
action for declaratory or injunctive relief, is the value of the right to be protected or the extent of
the injury to be prevented.").  In the removal context, where a plaintiff seeks declaratory or
injunctive relief, courts determine the jurisdictional amount by examining either the benefit
sought by the plaintiff or the cost incurred by the defendant for compliance with the requested
relief.  See BEM I v. Anthropologie, Inc., 301 F.3d 548, 553 (7th Cir. 2002) ("the jurisdictional
minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to
either party to the suit. . . .  What is trivial from the defendant's standpoint—and remember that
it is for his benefit that removal is allowed; removal is a privilege of a defendant, not of a
plaintiff, whose access to a federal court is by filing his suit in that court—depends on what he
may lose in the suit.") (Posner, J.); In re Brand Name Prescription Drugs Antitrust Litig., 123
F.3d 599, 610 (7th Cir. 1997).  In Duderwicz v. Sweetwater Sav. Ass'n, 595 F.2d 1009 (5th Cir.
1979), the Fifth Circuit stated that the "the value of the matter in controversy is measured not by
the monetary judgment which the plaintiff may recover, but by the judgment's pecuniary
consequence to those involved in the litigation."  Id. at 1014.

29.     Here, the amount in controversy is satisfied by virtue of the cost to Allstate of
complying with the injunctive relief sought by the plaintiffs.  See Affidavit of Bonnie Gill ("Gill
Aff") ¶ 6, attached hereto as Exhibit D).  Plaintiffs seek for Allstate to provide notification to all
Allstate policyholders in the state of Texas and all persons who apply for Allstate insurance in
the state of Texas regarding Allstate's alleged use of credit reports as a significant factor in

determining eligibility, renewal, and premium for its insurance policies. (Complaint at p. 8). If

Allstate were required to undertake the sweeping injunctive relief sought by the plaintiffs, then

Allstate would have to develop new procedures and systems. Specifically, Allstate would have

to undertake many actions, including (1) creating and distributing multiple customer

communications; (2) providing internal education and training to agents, call center employees,

claims employees, and customer care employees in order to respond to customers' inquiries, as

well as the notification process in general; and (3) developing an internal mechanism to tract and

ensure that every Allstate policyholder and potential Allstate customer received the proper

notification. See Gill Aff. ¶ 5. This would cost significantly more than $ 75,000. Id. at ¶ 6.

30.    The grounds for considering Allstate's cost of injunctive relief are especially

strong here, because those costs are mostly fixed, and not affected by the number of class

members. The plaintiffs collectively seek for Allstate to implement fundamental changes to its

business practices throughout Texas. Both caselaw and scholarly commentators have found

these circumstances to present compelling grounds for removal. See, e.g., In re Brand Name

Prescription Drugs Antitrust Litig., 123 F.3d 599, 610 (7th Cir. 1997) (Posner, J.) (amount in

controversy requirement is satisfied if "the cost to [the] defendant of an injunction running in

favor of one plaintiff" exceeds the jurisdictional amount); In re Microsoft Corp. Antitrust Litig.,

127 F. Supp.2d 702 719 n.16 (D. Md. 2001) ("In a case such as this where an injunction in favor

of a single plaintiff—compliance with which would cost the defendant in excess of the

jurisdictional amount—would provide the same benefit to all other plaintiffs, [finding

jurisdiction] yields a result consonant with the purpose of the common and undivided interest

exception."); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 3703 (3d ed. 2001) (the "desirable rule" for analyzing the amount in controversy is the "either-

party" viewpoint, "since the purpose of a jurisdictional amount requirement—to keep trivial

cases away from the court—is satisfied when the case is worth a large sum to either party"); 15-102 James W. Moore et al., Moore's Federal Practice § 102.109 (3d ed. 2001) ("the jurisdictional amount requirement reflects a congressional judgment that federal judicial resources should be devoted only to those diversity cases in which the financial stakes rise to a predetermined level. It is difficult to understand why those financial stakes are not implicated when either party stands to gain or lose the statutorily determined amount of its equivalent") (emphasis in original); Brittain Shaw McInnis, The $75,000.01 Question: What Is the Value of Injunctive Relief?, 6 Geo. Mason L. Rev. 1013, 1016 (1998) ("The either viewpoint rule embodies the fairest, most workable, and ultimately most jurisprudentially consistent rule.").

WHEREFORE, petitioners Allstate Corporation, Allstate Insurance Company, Allstate Texas Lloyd's, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Allstate County Mutual Insurance Company, Allstate Indemnity Company, John Lesley, Jaime Pena, and John Terry request that this Court assume full jurisdiction over the cause herein as provided by law.

_One of the attorneys for Defendants_

Mr. Rene Oliveira
Federal ID No. 4300
**Roerig, Oliveira & Fisher, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786
Telephone:    (956) 542-5666
Facsimile:    (956) 542-0016

Jeffrey Lennard
Keith Moskowitz
**Sonnenschein Nath & Rosenthal**
8000 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934

## CERTIFICATE OF SERVICE

A true and correct copy of the above instrument was forwarded on the 23rd day of December, 2002, to the following:

Suzanne M. Schwartz
LAW OFFICES OF SUZANNE SCHWARTZ, P.C.
P. O. Box 532044
Harlingen, Texas 78553

Benigno "Trey" Martinez
MARTINEZ, BARRERA & MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

Rene O. Oliveira

CAUSE NO. 2002-11-4446-A

| | | |
|---|---|---|
| MICHAEL SANCHEZ, P.H. KING, | § | IN THE DISTRICT COURT OF |
| GILBERTO MEDELLIN, HECTOR | § | |
| QUINTANILLA, LUZ BONILLA, on | § | |
| behalf of themselves and others similarly | § | |
| situated | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| ALLSTATE CORPORATION, | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, ALLSTATE | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, ALLSTATE | § | |
| COUNTY MUTUAL INSURANCE | § | |
| COMPANY, ALLSTATE INDEMNITY | § | |
| COMPANY, JOHN LESLEY, agent, | § | |
| JAIME PENA, agent, and JOHN | § | |
| TERRY, agent | § | 107th JUDICIAL COURT |

<u>2·15</u> o'clock P·m
AURELIO GUERRA, DISTRICT CLERK
NOV 0 6 2002
Yolanda Zambrano

## <u>PLAINTIFFS' ORIGINAL CLASS ACTION PETITION</u>

### TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS MICHAEL SANCHEZ, P.H. KING, GILBERTO

MEDELLIN, ROBERT AUSTIN, AND LUZ BONILLA, individually and in a representative

capacity on behalf of a class of persons similarly situated, complaining of and against Defendants

Allstate Corporation, Allstate Insurance Company, Allstate Texas Lloyd's, Allstate Indemnity

Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance

Company, Allstate County Mutual Insurance Company, John Lesley, as agent, Jaime Pena, as agent,

and John Terry, as agent, and in support thereof, upon knowledge as to themselves and their own acts

and otherwise upon information and belief, for their Class Action Petition, respectfully shows the

Court and Jury as follows:

## I.

## JURISDICTION

The relief sought by the Plaintiffs is subject to the jurisdiction of this Honorable Court. The damages suffered and sought to be recovered by the Plaintiffs in this class exceed the minimum jurisdictional limits of this Court.

## II.

## VENUE

Venue is proper in Cameron County, Texas as all or a substantial part of the events or omissions giving rise to the claim occurred in such county. Furthermore, venue is proper in Cameron County, Texas, because the Plaintiff Gilberto Medellin and Defendant John Lesley resided in Cameron County, Texas, at the time their breach of express and implied warranties accrued, pursuant to Sections 15.032 and 15.033 of the Texas Civil Practice and Remedies Code and Section 17.56 of the Texas Business and Commerce Code.

## III.

## PARTIES

### Plaintiffs

Plaintiff Michael Sanchez is an adult citizen and a resident of Hidalgo County, Texas, and brings this action both in his individual capacity and on behalf of a class of persons similarly situated in the State of Texas pursuant to Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

Plaintiff P.H. King is an adult citizen and a resident of Hidalgo County, Texas, and brings this action both in his individual capacity and on behalf of a class of persons similarly situated in the State of Texas pursuant to Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code

Section 21.21.

Plaintiff Gilberto Medellin is an adult citizen and a resident of Cameron County, Texas, and brings this action both in his individual capacity and on behalf of a class of persons similarly situated in the State of Texas pursuant to Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

Plaintiff Hector Quintanilla is an adult citizen and a resident of Hidalgo County, Texas, and brings this action both in his individual capacity and on behalf of a class of persons similarly situated in the State of Texas pursuant to Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

Plaintiff Luz Bonilla is an adult citizen and a resident of Hidalgo County, Texas, and brings this action both in his individual capacity and on behalf of a class of persons similarly situated in the State of Texas pursuant to Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

## Defendants

Defendant Allstate Corporation is the parent company of Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and Allstate Texas Lloyd's, and as is liable for the conduct alleged herein. Allstate Corporation, Allstate Insurance Company, Allstate Texas Lloyd's, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Allstate County Mutual Insurance, and Allstate Indemnity Company and all other Allstate subsidiaries and affiliates have acted in the violations complained of and will be referred to as either "Allstate" or "Defendants Allstate." Defendants Allstate are foreign entities that have their principal place of business in the State of Illinois and may be served through their registered agent, C.T. Corporation System at 350

North St. Paul Street, Dallas, Dallas County, Texas 75201.

Defendant John Lesley is an insurance agent for the Defendants Allstate and is an adult individual who may be served with process at his place of business located at 795 Paredes Line Road, Brownsville, Texas 78520. Defendant John Terry is an insurance agent for the Defendants Allstate and is an adult individual who may be served with process at his place of business located at 4500 N. 10th Street, #30, McAllen, Texas 78504. Defendant Jaime Pena is an insurance agent for the Defendants Allstate and is an adult individual who may be served with process at his place of business located at 1826 E. Griffin Parkway, Mission, Texas 78572. Defendants Lesley, Terry, and Pena may be referred to as "Defendants Agents."

## IV.

### FACTS AND VIOLATIONS

Defendants Allstate and Defendants Agents provide and have provided insurance products, including automobile, property, and homeowners coverage, to Texas consumers. The Defendants Allstate and Defendants Agents utilize credit reports of individuals as a significant factor in determining the individual's eligibility, renewal, and premiums for its insurance policies.

As part of such process, the Defendants Allstate and Defendants Agents use the credit reports to assign different levels of creditworthiness on insureds and applicants. Defendants Allstate and Defendants Agents use such levels of creditworthiness to quote and charge higher premiums for applicants and insureds or place such applicants and insureds with affiliates with a higher risk. Defendants Allstate and Defendants Agents categorize applicants and insureds based on their credit report.

Defendants Allstate and Defendants Agents had a fiduciary duty to their policyholders to act with good faith and fair dealing. Defendants Allstate and Defendants Agents, however, failed to adequately disclose to policyholders that they used their credit history to increase their premiums and

failed to disclose the effect of the policyholder's score and credit history on the amount of premiums charged or coverage obtained. Defendants Allstate and Defendants Agents further failed to adequately disclose that the policyholders had the right to contest or update their score or the effect of their credit history on their score.

In 2001, the Defendants increased the premiums for Plaintiff P.H. King's home after accessing his credit report. Defendants Allstate and Defendant Terry, although aware that they had increased his premiums after conducting a credit check, failed to properly disclose and notify him of such adverse action. The Defendants Allstate and Defendants Agents accessed Plaintiff Michael Sanchez' credit report eighteen times and then denied him insurance. The Defendants Allstate and Defendants Agents failed to notify him that he was denied because of his credit or that they had accessed his report numerous times.

The Defendants Allstate and Defendants Agents took adverse action as to Plaintiffs Luz Bonilla, Gilberto Medellin, and Hector Quintanilla. Defendants Allstate and Defendants Agents increased Plaintiff Gilberto Medellin increased premiums but failed to disclose to him that credit was involved. After providing quotes to Plaintiff Hector Quintanilla, the Defendants Allstate and Defendant Pena denied Plaintiff insurance but failed to disclose that he had been denied based on his credit score. Only several weeks later, after questioning employees at the Defendant Pena's office did Hector Quintanilla learn that he had been denied because of his credit. As to all of the above, Defendants Allstate and Defendants Agents failed to provide the required notice and disclosure after such adverse action was taken.

By their conduct, the Defendants Allstate and Defendants Agents engaged in an unconscionable action or course of action. The Defendants took advantage of their position to a grossly unfair degree and are therefore liable to the Plaintiffs. The conduct of the Defendants

Allstate and Defendants Agents resulted in a gross disparity between the value actually received and the value promised.

Defendants Allstate and Defendants Agents failed to provide Plaintiffs with adequate notice when there was a denial, increase in premium, renewal or failure to receive preferential treatment based in whole or in part on information contained in the credit reports obtained by Defendants. Defendants Agents failed to inform the Plaintiffs that their credit report would directly bear on their ability to obtain insurance.

Defendants Allstate and Defendants Agents have used and continue to use credit reports on individuals and then take adverse actions against consumers based in whole or in part on their credit reports, and they fail to provide notice and disclosure. Plaintiffs believe that the Defendant Allstate and Defendant Agents have engaged in such conduct as to applicants, renewals, issuance of, cancellation of, and reinstatement of insurance polices.

The Defendants Allstate's conduct constitutes false, misleading and deceptive acts in violation of the Texas Deceptive Trade Practices/Consumer Protection Act (The "DTPA"). Furthermore, Plaintiffs are "consumers" with the meaning of the DTPA, and Defendants Allstate, through their acts and omissions, violated the terms of the DTPA including one or more of the following respects:

> a.　Falsely representing that goods or services are of a particular standard, quality, or grade;
>
> b.　Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed;

    c.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    d.     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

    e.     Engaging in an unconscionable action or course of action that was a producing cause of damages.

Plaintiffs also allege Defendants Allstate committed unlisted deceptive trade practices.

The foregoing representations violate Section 17.46(b) of the DTPA and are actionable.

The Defendants Agents' conduct constitutes false, misleading and deceptive acts in violation of the DTPA. Plaintiffs are "consumers" with the meaning of the DTPA, and Defendants Agents, through their acts and omissions, violated the terms of the DTPA including one or more of the following respects:

    a.     Falsely representing that goods or services are of a particular standard, quality, or grade;

    b.     Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed;

    c.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    d.     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

e.      Engaging in an unconscionable action or course of action that was a

producing cause of damages.

Plaintiffs also allege Defendants Agents committed unlisted deceptive trade practices.

The foregoing representations violate Section 17.46(b) of the DTPA and are actionable

Plaintiffs bring this action against Defendants Allstate for breach of contract, breach of the

duty of good faith and fair dealing, and breach of Article 21.21 of the Texas Insurance Code in

connection with the insurance policies sold by Defendants Allstate. Plaintiffs have a direct cause

of action against Defendant Allstate under Article 21.21 of the Texas Insurance Code, including,

but not limited to, violations of Article 21.21 Sections 4 (1), (2), (7), and (11) of the Texas

Insurance Code.

Plaintiffs also bring this action against Defendants Agents for breach of contract, breach

of the duty of good faith and fair dealing, and breach of Article 21.21 of the Texas Insurance

Code in connection with the insurance policies sold by Defendants Agents. Defendant Agents

failed to state material facts that were necessary to make other statements made not misleading,

considering the circumstances under which the statements were made. Plaintiffs have a direct

cause of action against Defendant Agents under Article 21.21 of the Texas Insurance Code,

including, but not limited to, violations of Article 21.21 Sections 4 (1), (2), (7), and (11) of the

Texas Insurance Code.

Plaintiffs, on behalf of themselves and on behalf of the putative class, seek injunctive relief

requiring the Defendants Allstate and Defendants Agents to provide appropriate notification to

consumers under the circumstances described herein.

The conduct of Defendants Allstate and Defendant Agents, as described herein, was a

producing cause of damages to the  Plaintiffs.  In addition, because such conduct involved

knowing violations of the DTPA, Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs also seek the amount of their actual damages plus court costs and reasonable and necessary attorneys' fees. Plaintiffs also seek treble damages as to Defendants' conduct that was knowingly committed in violation of the Texas Insurance Code.

Plaintiffs seek as damages monetary compensation for all actual, special, out-of-pocket losses, mental stress, consequential, punitive, and other pecuniary damages or losses which they may be justly entitled, including, but not limited to a refund of the insurance premium charged.

Plaintiffs further seek punitive damages against the Defendants for the Defendants' willful actions. Defendants, their agents, employees, and assignees knew or had actual subjective awareness of their actions but nevertheless proceeded with conscious indifference in an effort to maximize sales and profits at the expense of policyholders and in conscious disregard of the foreseeable harm caused by their actions. This conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, or willful and intentional disregard of an extreme degree of risk that the Plaintiffs would incur substantial injury. The Plaintiffs as well as others similarly situated therefore, are entitled to punitive damages for such malice. Because of all of the above and foregoing, the Plaintiffs have been damaged jointly ad severally, and against Defendants for exemplary damages.

## V.

## CLASS ACTION ALLEGATIONS

Plaintiffs bring this action against Defendants as members of the following proposed class:

> All consumers in the State of Texas who have had adverse actions taken against them by Defendants Allstate Corporation, Allstate Insurance Company, Allstate Texas Lloyds, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Allstate County Mutual Insurance Company and/or Allstate

Indemnity Company in connection with existing or applied for insurance, based in whole or in part on information contained in a consumer report, and who have not been provided with the proper notice and disclosure as required by law.

Excluded from the proposed class are the Defendants, any entity in which any Defendant has a controlling interest, and any agents, employees, officers, and/or directors of the Defendants or any other such entities and their representatives, heirs, successors and/or assigns.

On information and belief, the members of the class number at least in the thousands and the class is therefore so numerous that it would be impracticable to individually join all class members as parties to this action.

There are questions of law and fact common and of general interest to the class.

The claims of the named Plaintiffs are typical of the claims of the class.

The Plaintiffs will fairly and adequately protect the interests of the members of the class and have no interest antagonistic to those of other class members. Plaintiffs have retained class counsel competent to prosecute class actions, and they are financially able to represent the class.

The class action is superior to other available methods for the fair and efficient adjudication of this controversy since it is impracticable to join all members of the class. The interest of judicial economy favor adjudicating the claims for the Plaintiff class rather than on an individual basis.

There are common questions of law and fact in the action that relate to affect the rights of each member of the class and the relief sought is common to the entire class.

Class action treatment is proper and this action should be maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual class members which would establish incompatible standards of conduct for the Defendants as the party opposing the class; and/or adjudications with respect to individual class members which would establish incompatible standards of conduct for the Defendants as the party opposing the class; and/or adjudications with respect to

individual class members which would as a practical matter substantially impair or impede the ability to other members not parties to the adjudications to protect their interests.

Questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Said common questions include, but are not limited to, the following:

a.  Whether Defendants took adverse actions against the Plaintiffs and class members in connection with existing or applied for insurance based in whole or in part on information contained in consumer reports;

b.  Whether Defendants provided Plaintiffs and class members with the proper notice and disclosure;

c.  Whether Defendants' conduct as described herein is willful;

d.  Whether Defendants' conduct as described herein was negligent;

e.  Whether Defendants' conduct as described herein violated the Texas Deceptive Trade Practices Act;

f.  Whether Defendants' conduct as described herein violated the Texas Insurance Code;

g.  Whether Defendants have engaged in a systematic pattern or practice of failing to provide the required notification and disclosure to Plaintiffs and class members;

h.  Whether Plaintiffs and class members are entitled to injunctive relief;

i.  Whether Plaintiffs and class members are entitled to damages; and

j.  Whether the Plaintiffs and class members are entitled to class wide relief as set forth in this complaint.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, individually and in a representative capacity on behalf of all persons similarly situated, demand judgement against Defendants for:

1.    Compensatory damages in an amount to be proven at trial;

2.    Punitive Damages;

3.    Reasonable and necessary attorneys fees;

4.    Taxable costs of suit;

5.    Pre and post judgment interest; and

6.    Such other and further relief as the Court may deem necessary or appropriate.

Respectfully Submitted,

Suzanne M. Schwarz
State Bar No. 17872300
**LAW OFFICES OF SUZANNE SCHWARZ, P.C.**
P.O. Box 532044
Harlingen, Texas 78553
Tel: (956) 440-0340
Fax: (956) 440-8252

Benigno "Trey" Martinez
State Bar No. 00797011
**MARTINEZ, BARRERA,& MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
**ATTORNEY FOR PLAINTIFFS**

no DEC. 2. 2002 9:59AM   LI   ATION & EMP LAW surance   91 686 2 NO. 2961   P. 3   P.2

## COPY

Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.015.01

No. 2002-11-004446-A

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN TERRY
BY SERVING PLACE OF BUSINESS
4500 NORTH 10TH STREET, #J0
MCALLEN, TEXAS 78504

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION         was filed on NOVEMBER 06, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

he style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ
(Attorney for        PLAINTIFF            ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of NOVEMBER , A.D. 2002.



AURORA DE LA GARZA       , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By _____ Yolanda Zamora       , Deputy

DEC. 2. 2002: 9:59AM    LIT. TION & EMP LAW surance    95c 686 2 NO. 2961    P. 3   P.2

**COPY**

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # S.015.01

No. 2002-11-004446-A

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN TERRY
    BY SERVING PLACE OF BUSINESS
    4500 NORTH 10TH STREET, #J0
    MCALLEN, TEXAS 78504

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said PETITION was filed on NOVEMBER 06, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

he style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ
(Attorney for _____ PLAINTIFF _____), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS 78533

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of NOVEMBER , A.D. 2002.



AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _____ , Deputy

DEC. 2. 2002 9:59AM    LITIGATION & EMP LAW Insurance    NO. 2961    P. 3    P.2

## COPY

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # S.015.01

No. 2002-11-004446-A

### T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN TERRY
BY SERVING PLACE OF BUSINESS
4500 NORTH 10TH STREET, #30
MCALLEN, TEXAS 78504

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

he style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____SUZANNE M. SCHWARZ_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 15th day of NOVEMBER , A.D. 2002.



AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By _____ , Deputy

DEC. 2.2002  9:59AM    LITIGATION & EMP LAW Insurance    95  686 2  NO. 2961    P. 3  P.2

**COPY**

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # S.016.01

No. 2002-11-004446-A

THE    STATE    OF    TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN TERRY
BY SERVING PLACE OF BUSINESS
4500 NORTH 10TH STREET, #30
MCALLEN, TEXAS 78504

the      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said      PETITION      was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

he style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ
(Attorney for    PLAINTIFF         ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of NOVEMBER , A.D. 2002 .

AURORA DE LA GARZA      , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _____ , Deputy

DEC. 2. 2002 9:59AM    LIT..ATION & EMP LAWsurance    95. 686 2 NO. 2961  P. 3  P.2

## COPY

Citation for Personal Service  – BY CERTIFIED MAIL    Lit. Seq. # 5.015.01

No. 2002-11-004446-A

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN TERRY
BY SERVING PLACE OF BUSINESS
4500 NORTH 10TH STREET, #30
MCALLEN, TEXAS 78504

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

he style of the case is:

MICHAEL SANCHEZ, D.H. KING, GILBERTO MEDELLIN, HEC
VS
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ
(Attorney for  PLAINTIFF _____ ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of NOVEMBER , A.D. 2002 .



AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
9 ... Harrison St.
Brownsville, Texas 78521
By: _____ , Deputy

ORIGINAL

No. 2002-11-004446-A

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE INSURANCE COMPANY
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION,ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ
(Attorney for _____PLAINTIFF_____ ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS   78533

The nature of the demand is fully shown Petition accompanying this citation and made

The officer executing this writ shall pr requirements of law, and the mandates thereof directs.

Issued and given under my hand and seal Texas, this the 16th day of NOVEMBER , A.D. 2

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage F
For delivery information visit our website at www.usp

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 16th of

NOVEMBER 2002, I mailed to

ALLSTATE INSURANCE COMPANY

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   0095822130
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA          , District Clerk
Cameron County, Texas

By          , Deputy

Citation for Personal Service - BY CERTIFIED MAIL    ...it. Seq. # 5.008.01

No. 2002-11-004446-A

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE TEXAS LLOYD'S
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the         DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said         PETITION         was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by ____
(Attorney for          PLAINTIFF
P.O. BOX 532044 HARLINGEN, TEXAS  78533

The nature of the demand is fully shown
Petition accompanying this citation and made

The officer executing this writ shall p:
requirements of law, and the mandates thereo!
directs.

Issued and given under my hand and seal
Texas, this the 16th day of NOVEMBER , A.D. 2

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 16th of

NOVEMBER  2002,  I mailed to

ALLSTATE TEXAS LLOYD'S

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  0095822147

RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA          , District Clerk

Cameron County, Texas

_____ , Deputy

---

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

Citation for Personal Service — BY CERTIFIED MAIL    Lit. Seq. # 5.013.01

No. 2002-11-004446-A

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN LESLEY
BY SERVING PLACE OF BUSINESS
795 PAREDES LINE ROAD
BROWNSVILLE, TEXAS 78520

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION,ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ (Attorney for _____PLAINTIFF_____
P.O. BOX 532044 HARLINGEN, TEXAS  78533

The nature of the demand is fully shown Petition accompanying this citation and made

The officer executing this writ shall pr requirements of law, and the mandates thereof directs.

Issued and given under my hand and seal Texas, this the 16th day of NOVEMBER , A.D.

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOHN LESLEY
BY SERVING PLACE OF BUSINESS
795 PAREDES LINE ROAD
BROWNSVILLE, TX 78520

2. Article Number
(Transfer from service label)
7002 2410

PS Form 3811, August 2001        Domestic Return Receipt

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

I hereby certify that on the <u>16th</u> of <u>NOVEMBER</u> <u>2002</u>, I mailed to

<u>JOHN LESLEY</u>

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __0095822192__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA____, District Clerk
Cameron County, Texas

By: _Yolanda Zamora_____, Deputy

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.015.01

No. 2002-11-004446-A

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN TERRY
BY SERVING PLACE OF BUSINESS
4500 NORTH 10TH STREET, #30
MCALLEN, TEXAS 78504

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION        was filed on NOVEMBER 06, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for        PLAINTIFF        ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS    78533

The nature of the demand is fully shown
Petition accompanying this citation and made

The officer executing this writ shall pro
requirements of law, and the mandates thereof,
directs.

Issued and given under my hand and seal
Texas, this the 16th day of NOVEMBER , A.D. 20

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOHN TERRY
BY SERVING PLACE OF BUSINESS
4500 NORTH 10TH STREET, #30
MCALLEN, TEXAS 78504

2. Article Number
(Transfer from service label)

PS Form 3811, August 2001        Domestic Return

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

_____
NAME OF PREPARER        TITLE

_____
ADDRESS

_____
CITY        STATE        ZIP

I hereby certify that on the 16th of

NOVEMBER 2002, I mailed to

JOHN TERRY

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __0095822215__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

_____ , Deputy

Citation for Personal Serv~~e~~ - BY CERTIFIED MAIL    ~~It. Seq. #~~ 5.014.01

ORIGINAL

No. 2002-11-004446-A

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JAIME PENA
    BY SERVING PLACE OF BUSINESS
    1826 EAST GRIFFIN PARKWAY
    MISSION, TEXAS  78572

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____    SUZANNE M. SCHWARZ
(Attorney for _____ PLAINTIFF
P.O. BOX 532044 HARLINGEN, TEXAS  78533

The nature of the demand is fully shown
Petition accompanying this citation and made

The officer executing this writ shall pr~~
requirements of law, and the mandates thereof
directs.

Issued and given under my hand and seal
Texas, this the 16th day of NOVEMBER , A.D. 2



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

CERTIFICATE OF DELIVERY OF MAIL

```
┌─────────────────────────────────────┐
│     ATTACH RETURN RECEIPTS WITH      │
│        ADDRESSEE'S SIGNATURE         │
│                                      │
│  Rule 106 (a)(2):  The citation      │
│  shall be served by mailing to       │
│  the defendant by Certified Mail,    │
│  Return Receipt Requested, a true    │
│  copy of the citation.               │
│                                      │
│  Sec. 17.027, Rules of Civil         │
│  Practice and Remedies Code, if      │
│  not prepared by Clerk of Court.     │
│                                      │
│                                      │
│  NAME OF PREPARER        TITLE       │
│                                      │
│                                      │
│  ADDRESS                             │
│                                      │
│                                      │
│  CITY        STATE       ZIP         │
└─────────────────────────────────────┘
```

I hereby certify that on the 16th of

NOVEMBER  2002,  I mailed to

JAIME PENA

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   0095822208
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA      , District Clerk
Cameron County, Texas

BY _____ , Deputy

Citation for Personal Service - BY CERTIFIED MAIL     Lit. Seq. # 5.012.01

No. 2002-11-004446-A

# THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE INDEMNITY COMPANY
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the       DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said       PETITION      was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by
(Attorney for       PLAINTIFF
P.O. BOX 532044 HARLINGEN, TEXAS   78533

SUZANNE M. SCHWARZ
), whose address is

The nature of the demand is fully show
Petition accompanying this citation and made

The officer executing this writ shall
requirements of law, and the mandates there
directs.

Issued and given under my hand and seal
Texas, this the 16th day of NOVEMBER , A.D.

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

PS Form 3811, August 2001

(Transfer from service label)

2. Article Number

1. Article Addressed to:

ALLSTATE INDEMNITY COMPANY
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TX 75201

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

Domestic Return Re

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
| --- |

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER _____ TITLE _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

I hereby certify that on the <u>16th</u> of <u>NOVEMBER</u> <u>2002</u>, I mailed to

<u>ALLSTATE INDEMNITY COMPANY</u>

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. <u>0095822185</u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>AURORA DE LA GARZA</u>, District Clerk
Cameron County, Texas

By: _____, Deputy

Citation for Personal Ser     e - BY CERTIFIED MAIL     Lit. Seq. # 5.011.01

No. 2002-11-004446-A

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE COUNTY MUTUAL INSURANCE COMPANY
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on NOVEMBER 06, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ
(Attorney for _____ PLAINTIFF
P.O. BOX 532044 HARLINGEN, TEXAS 78533

The nature of the demand is fully show
Petition accompanying this citation and mad

The officer executing this writ shall
requirements of law, and the mandates there
directs.

Issued and given under my hand and sea
Texas, this the 16th _____ EMBER , A.D.

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
information visit our website at www.usps.com®

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TX 75201

2. Article Number
(Transfer from service label)
7002 2

PS Form 3811, August 2001   Domestic Return Recei

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

_____
NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 16th of

NOVEMBER 2002, I mailed to

ALLSTATE COUNTY MUTUAL INSURANCE COMPANY

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. ___0095822178___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

_____ , Deputy

Case 1:02-cv-00235   Document 1   Filed in TXSD on 12/23/2002   Page 45 of 56

No. 2002-11-004446-A

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE PROPERTY AND CASUALTY INS. CO.
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ (Attorney for _____ PLAINTIFF
P.O. BOX 532044 HARLINGEN, TEXAS 78533

The nature of the demand is fully shown
Petition accompanying this citation and made

The officer executing this writ shall pr
requirements of law, and the mandates thereof
directs.

Issued and given under my hand and seal
_____ ER , A.D. 20

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

ALLSTATE PROPERTY & CASUALTY INS. CO.

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | |
|---|---|

I hereby certify that on the 16th of

NOVEMBER  2002,  I mailed to

ALLSTATE PROPERTY AND CASUALTY INS. CO.

Rule 106 (a)(2):  The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.  0095822161
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

NAME OF PREPARER          TITLE

ADDRESS

AURORA DE LA GARZA      , District Clerk
Cameron County, Texas

CITY          STATE      ZIP

_____ , Deputy

Citation for Personal Serv. : - BY CERTIFIED MAIL    it. Seq. # 5.009.01

No. 2002-11-004446-A

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE FIRE AND CASUALTY INSURANCE CO.
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on NOVEMBER 06, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ
(Attorney for _____ PLAINTIFF _____), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS 78533

The nature of the demand is fully shown b
Petition accompanying this citation and made a

The officer executing this writ shall pro
requirements of law, and the mandates thereof,
directs.

Issued and given under my hand and seal o
Texas, this the 16th day of NOVEMBER , A.D. 20

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Cov

AUROR
Cameron

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the <u>16th</u> of

<u>NOVEMBER  2002</u>,  I mailed to

<u>ALLSTATE FIRE AND CASUALTY INSURANCE CO.</u>

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. ___0095822154___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

_____ AURORA DE LA GARZA ____, District Clerk
Cameron County, Texas

By: _____, Deputy

---

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2):  The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

_____
NAME OF PREPARER        TITLE

_____
ADDRESS

_____
CITY          STATE

Citation for Personal Serv~e - BY CERTIFIED MAIL    ~it. Seq. # 5.006.01

No. 2002-11-004446-A

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE CORPORATION
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on NOVEMBER 06, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004446-A.

The style of the case is:

MICHAEL SANCHEZ, P.H. KING, GILBERTO MEDELLIN, HEC
VS.
ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, A

Said petition was filed in said court by _____ SUZANNE M. SCHWARZ (Attorney for _____ PLAINTIFF _____), whose address is P.O. BOX 532044 HARLINGEN, TEXAS 78533

The nature of the demand is fully shown Petition accompanying this citation and made

The officer executing this writ shall p requirements of law, and the mandates thereo directs.

Issued and given under my hand and seal Texas, this the 16th day of NOVEMBER , A.D. :

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

CERTIFICATE OF DELIVERY OF MAIL

```
┌─────────────────────────────────────┐
│    ATTACH RETURN RECEIPTS WITH       │
│       ADDRESSEE'S SIGNATURE          │
│                                      │
│  Rule 106 (a)(2):  The citation      │
│  shall be served by mailing to       │
│  the defendant by Certified Mail,    │
│  Return Receipt Requested, a true    │
│  copy of the citation.               │
│                                      │
│  Sec. 17.027, Rules of Civil         │
│  Practice and Remedies Code, if      │
│  not prepared by Clerk of Court.     │
│                                      │
│  ─────────────────────────────────   │
│  NAME OF PREPARER         TITLE      │
│                                      │
│  ─────────────────────────────────   │
│  ADDRESS                             │
│                                      │
│  ─────────────────────────────────   │
│  CITY            STATE               │
└─────────────────────────────────────┘
```

I hereby certify that on the 16th of

NOVEMBER  2002,  I mailed to

ALLSTATE CORPORATION

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   0095822123
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA          , District Clerk
Cameron County, Texas

BY: _Yolanda Zamorano_          , Deputy

PAGE: 01

2002-11-004446-A

* * * C L E R K ' S   E N T R I E S * * *

(06)          11    06    02

DECEPTIVE TRADE PRACTICE ACT

```
00547901
SUZANNE M. SCHWARZ
P.O. BOX 532044
HARLINGEN, TEXAS          78533  0000
...ILBERTO MEDELLIN, HEC

00003507
HON. RENE OLIVEIRA
855 W. PRICE ROAD, SUITE 9
BROWNSVILLE TX            78520  8786
INSURANCE COMPANY, A
```

```
11/06/02  ORIGINAL PETITION FILED
11/16/02  CITATION (CM): ALLSTATE CORPORATION
11/16/02     SERVED: 11/25/02          FILED: 12/03/02
11/16/02  CITATION (CM): ALLSTATE INSURANCE
          COMPANY
11/16/02     SERVED: 11/25/02          FILED: 12/03/02
11/16/02  CITATION (CM): ALLSTATE TEXAS LLOYD'S
11/16/02     SERVED: 11/25/02          FILED: 12/03/02
11/16/02  CITATION (CM): ALLSTATE FIRE AND
          CASUALTY INSURANCE CO.
11/16/02     SERVED:
11/16/02  CITATION (CM): ALLSTATE PROPERTY AND
          CASUALTY INS. CO.
11/16/02     SERVED: 11/25/02          FILED: 12/03/02
11/16/02  CITATION (CM): ALLSTATE COUNTY MUTUAL
          INSURANCE COMPANY
11/16/02     SERVED: 11/25/02          FILED: 12/03/02
11/16/02  CITATION (CM): ALLSTATE INDEMNITY
          COMPANY
11/16/02     SERVED: 11/25/02          FILED: 12/03/02
11/16/02  CITATION (CM): JOHN LESLEY
11/16/02     SERVED: 11/25/02          FILED: 12/03/02
11/16/02  CITATION (CM): JAIME PENA
11/16/02     SERVED: 11/22/02          FILED: 11/26/02
11/16/02  CITATION (CM): JOHN TERRY
11/16/02     SERVED: 11/22/02          FILED: 11/26/02
12/13/02  ORIGINAL ANSWER: ALLSTATE CORPORATION
12/13/02  ORIGINAL ANSWER: ALLSTATE INSURANCE
          COMPANY
```

```
*  *  *  C L E R K ' S   E N T R I E S  *  *  *  *
```

```
                                                    11      06      02

                                             (06)

                               DECEPTIVE TRADE PRACTICE ACT
```

```
                00547901
GILBERTO MEDELLIN, HEC  SUZANNE M. SCHWARZ
                P.O. BOX 532044
                HARLINGEN, TEXAS        78533 0000

                00003507
; INSURANCE COMPANY, A  HON. RENE OLIVEIRA
                855 W. PRICE ROAD, SUITE 9
                BROWNSVILLE TX          78520 8786
```

```
12/13/02  ORIGINAL ANSWER: ALLSTATE TEXAS LLOYDS
12/13/02  ORIGINAL ANSWER: ALLSTATE FIRE AND
          CASUALTY INSURANCE COMPANY
12/13/02  ORIGINAL ANSWER: ALLSTATE PROPERTY &
          CASUALTY INSURANCE CO.
12/13/02  ORIGINAL ANSWER: ALLSTATE COUNTY
          MUTUAL INS. COMPANY
12/13/02  ORIGINAL ANSWER: ALLSTATE INDEMNITY
          COMPANY
12/13/02  ORIGINAL ANSWER: JOHN LESLEY
12/13/02  ORIGINAL ANSWER: JAIME PENA
12/13/02  ORIGINAL ANSWER: JOHN TERRY
```

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

CASE NO.

2002-11-004446

PAGE: 01

| DATE OF FILING | | |
|---|---|---|
| MONTH | DAY | YEAR |
| 11 | 06 | 02 |

| PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|

NG, GILBERTO MEDELLIN, HEC

00547901
SUZANNE M. SCHWARZ
P.O. BOX 532044
HARLINGEN, TEXAS          78533  0000

(06)

DECEPTIVE TRADE PRACTICE ACT

JURY FEE $

PAID BY

VS

STATE INSURANCE COMPANY, A

*HON RENE OLIVEIRA*
*855 WEST PRICE RD STE 9*
*BROWNSVILLE TX 78520*
*(ATTY FOR DEF'TS)*

ET (Rule 26, TRCP)

EXHIBIT 'B'

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MICHAEL SANCHEZ, P.H. KING,　　§
GILBERTO MEDELLIN, HECTOR　　§
QUINTANILLA, LUZ BONILLA, ON　§
BEHALF OF THEMSELVES AND ALL　§
OTHERS SIMILARLY SITUATED　　　§
　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　§　　CIVIL ACTION NO.　__B-02-235__ 1
　　　　　　　　　　　　　　　　§
ALLSTATE CORPORATION,　　　　　§
ALLSTATE INSURANCE COMPANY,　§
ALLSTATE TEXAS LLOYD'S,　　　　§
ALLSTATE FIRE AND CASUALTY　　§
INSURANCE COMPANY, ALLSTATE　§
PROPERTY AND CASUALTY　　　　　§
INSURANCE COMPANY, ALLSTATE　§
COUNTY MUTUAL INSURANCE　　　§
COMPANY, ALLSTATE INDEMNITY　§
COMPANY, JOHN LESLEY, agent,　　§
JAIME PENA, agent, and　　　　　　§
JOHN TERRY, agent　　　　　　　§

---

### LIST OF ALL COUNSEL OF RECORD

---

Party

Attorney(s)

Plaintiffs:
Michael Sanchez
P.H. King
Gilberto Medellin
Hector Quintanilla
Luz Bonilla

Suzanne M. Schwartz
Law Offices of Suzanne M. Schwartz
P. O. Box 532044
Harlingen, Texas 78553

Benigno "Trey" Martinez
MARTINEZ, BARRERA & MARTINEZ
1201 East Van Buren
Brownsville, Texas 78520

Page 2

<u>Defendants</u>:
Allstate Corporation
Allstate Insurance Company
Allstate Texas Lloyd's
Allstate Fire & Casualty Insurance Company
Allstate Property & Casualty Insurance Company
Allstate County Mutual Insurance Company
Allstate Indemnity Company
John Lesley, agent
Jaime Pena, agent
John Terry, agent

<u>Attorney(s)</u>
Rene O. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Jeffrey Lennard
Keith Moskowitz
SONNENSCHEIN NATH & ROSENTHAL
8000 Sears Tower
Chicago, Illinois 60606